Filed 1/25/22  P. v. Easley CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHARLES J. EASLEY,<br><br>    Defendant and Appellant. | B306376<br><br>(Los Angeles County<br>Super. Ct. No. SA085062) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark E. Windham, Judge.  Reversed with directions.

Susan Morrow Maxwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Michael R. Johnsen, Deputy Attorneys General, for Plaintiff and Respondent.

Charles J. Easley appeals from an order declining to resentence him under Penal Code[1] section 1170, subdivision (d), contending that the trial court misunderstood the scope of its discretion under that section. He also contends that remand is necessary for resentencing under newly enacted Senate Bill No. 483. The Attorney General concedes both points, and we agree that the matter must be remanded for resentencing.

## BACKGROUND

In 2014, Easley pled guilty to first degree burglary (§ 459) and admitted he had one prior serious felony conviction within the meaning of the Three Strikes law and of section 667, subdivision (a)(1), and two prior felony convictions within the meaning of section 667.5, subdivision (b). That same year, the trial court sentenced Easley to four years, doubled to eight years under the Three Strikes law, five years (§ 667, subd. (a)), and to two 1-year terms (§ 667.5, subd. (b)).

In 2019, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) recommended to the trial court that it resentence Easley under section 1170, subdivision (d), noting that Easley's sentence included a five-year enhancement that courts now had discretion to strike. Former section 1170, subdivision (d)(1), provided that a trial court may, on CDCR's recommendation, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if the defendant had not previously been sentenced, provided that the new sentence, if any, is no greater than the initial sentence. This section applies to plea agreements and

[1] All further undesignated statutory references are to the Penal Code.

2

permits reducing the defendant's term of imprisonment if it is in the interest of justice.[2]

The same trial judge that had originally sentenced Easley declined to resentence him, finding that although Easley was on a "path of authentic rehabilitation," it "will not disturb the agreement of the parties and the underlying expectations, particularly when this would result in a disparity between the defendant's sentence and sentences of those similarly situated and a sentence disproportionate to the gravity of the defendant's serious offense, given its commission after a long record of convictions, including serious felony convictions."

## DISCUSSION

Easley appealed from the trial court's order denying resentencing under section 1170, subdivision (d)(1), initially contending in his opening brief only that the trial court had misunderstood the scope of its discretion under that law. But while this matter was pending on appeal, the Governor signed two bills that potentially impact Easley's sentence.

The first, Assembly Bill No. 1540 (Stats. 2021, ch. 719), became effective January 1, 2022 and has renumbered section 1170, subdivision (d)(1), as section 1170.03 and revised it. As revised, section 1170.03, subdivision (a)(2), requires a court to "apply any changes in law that reduce sentences or provide for judicial discretion" when resentencing under the statute. And

---

[2] Our California Supreme Court is considering whether a trial court errs when it declines to accept CDCR's recommendation that a defendant's sentence be recalled to address amendments made by Senate Bill No. 1393. (*People v. Arnold* (Dec. 29, 2021, B305073) [nonpub. opn.], review granted July 14, 2021, S269172.)

where, as here, CDCR recommends resentencing, there is a presumption favoring recall and resentencing, which can be overcome if a court finds that the defendant poses an unreasonable risk of danger to public safety.  (§ 1170.03, subd. (b)(2).)  As the Attorney General notes in his briefing on appeal, Assembly Bill No. 1540's legislative history suggests that the bill was in part intended to clarify the Legislature's intent that trial courts should accept CDCR's resentencing recommendations.  (See, e.g., Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1540 (2021–2022 Reg. Sess.) as amended Sept. 3, 2021, p. 3 [bill clarifies legislature's intent to honor time, thought, and effort law enforcement agencies put into referrals];  Sen. Com. on Public Safety, Rep. on Assem. Bill No. 1540 (2021–2022 Reg. Sess.) as amended June 22, 2021, p. 3 [same].)

The second piece of legislation that the Governor signed while this appeal was pending is Senate Bill No. 483, which also became effective January 1, 2022.  (Stats. 2021, ch. 728.) As relevant here, Senate Bill No. 483 adds section 1171.1, which invalidates one-year enhancements imposed under section 667.5. Any such enhancement imposed before January 1, 2020, except for one imposed for a prior conviction for a sexually violent offense as defined by Welfare and Institutions Code section 6600, now "is legally invalid."  (§ 1171.1, subd. (a).)  CDCR must identify qualifying individuals and give their information to the sentencing court that imposed the enhancement.  (§ 1171.1, subd. (b).)  The sentencing court shall then verify that the judgment includes a qualifying sentence enhancement and, if it does, recall the sentence and resentence the defendant.  The new sentence shall result in a lesser sentence than the original one,

4

unless the court finds by clear and convincing evidence that a lesser sentence would endanger public safety. (§ 1171.1, subd. (d)(1).) The resentencing court may "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1171.1, subd. (d)(3).)

Citing judicial economy, the Attorney General states that because Easley's recall request will at some point be considered under the new statute—either because the trial court below misunderstood the statutory mandates or because CDCR will reinitiate the recall request—there is little point in litigating Easley's claims on appeal. The Attorney General therefore suggests that we reverse the trial court's order and remand for a new hearing under section 1170.03.

We agree with that suggestion and further note, as does the Attorney General, that on remand the two 1-year enhancements imposed under section 667.5, subdivision (b), must be stricken per Senate Bill No. 483, resulting in a lesser sentence unless the trial court determines by clear and convincing evidence that a lesser sentence would endanger public safety (§ 1171.1, subd. (d)(1)).

## DISPOSITION

The order is reversed, and the matter is remanded to the trial court with the direction to hold a new hearing under section 1170.03 and to strike the two 1-year enhancements imposed under section 667.5, subdivision (b), unless it determines that a lesser sentence endangers public safety.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

EGERTON, J.